UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR,                )
                               )
            Petitioner,        )
                               )
    v.                         )   Civil Action No. 13 0578
                               )
UNITED STATES OF AMERICA, et al., )
                               )
            Respondents.       )

**MEMORANDUM OPINION**

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of habeas corpus. The Court will grant the application and dismiss the petition.

Petitioner, who is serving a 36-month term of imprisonment imposed by the Superior Court of the District of Columbia, brings an ineffective assistance of trial counsel claim. Pet. at 1, 5; *see generally id.* at 6-17. Among other relief, petitioner demands that his sentences be vacated. *Id.* at 18.

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the

legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."). An ineffective assistance of trial counsel claim may be brought in a motion under § 23-110. *See, e.g., Kigozi v. United States*, 55 A.3d 643, 645 (D.C. 2012) (granting § 23-110 motion which sought reversal of convictions on the ground of ineffective assistance of counsel and remanding case for a new trial); *Shepard v. United States*, 533 A.2d 1278, 1280 (D.C. 1987) (holding that, in cases where an appellant who "during the pendency of his direct appeal demonstrably knew or should have known of the grounds for alleging his attorney's ineffectiveness" must file a § 23-110 motion during the pendency of the direct appeal that "adequately sets forth the grounds for the claim of ineffectiveness").

Petitioner's ineffective assistance of trial counsel claim should be addressed by the courts of the District of Columbia. This Court cannot entertain a petition unless it appears that petitioner has exhausted the remedies in the District of Columbia courts or that circumstances render such remedies ineffective. *See* 28 U.S.C. § 2254(b)(1). Nothing in the petition suggests that these conditions are met and, therefore, the petition must be dismissed. An Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: Apr. 16, 2013